89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip MULLINS, Plaintiff-Appellant,
v.
Dennis ARMS; Leroy Turner; Lt. Horney; John Doe # 1-3, Defendants,
Jim Morrow; David Newberry; Counselor McCory, Defendants-Appellees.
 No. 95-5888.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1996.
 
 1
 Before: SILER and COLE, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 This Tennessee state prisoner appeals pro se the summary judgment for the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 3
 Seeking declaratory, injunctive and monetary relief, Phillip Mullins filed this action against prison officials at the Morgan County Regional Correctional Center (MCRCF) alleging that he was wrongfully charged with two disciplinary offenses, that he was denied equal protection and due process when a white inmate was charged with a Class "C" non-violent disciplinary offense and was not segregated, while Mullins, an African-American inmate, was charged with a Class "C" non-violent infraction and was segregated, and that his transfer from the Annex to the Main Compound was in retaliation for his filing grievances. In an order filed April 21, 1995, the district court granted the defendants' motion for summary judgment. Mullins's motion to alter or amend the judgment was denied. This timely appeal followed.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 5
 Summary judgment was proper on Mullins's equal protection claim. Inmates are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. See Lee v. Washington, 390 U.S. 333 (1968) (per curiam). Proof of racially discriminatory intent or purpose is required to uphold a racial discrimination claim. See Washington v. Davis, 426 U.S. 229, 239-40 (1976).
 
 
 6
 The defendants offered the affidavit of the Warden at MCRCF who stated that inmates who are issued Class "B" disciplinary reports are normally segregated pending a hearing on the charge, pursuant to prison practices, and that segregating Mullins when he was charged with a Class "B" offense conformed to the normal practice. No one disputes that Mullins was charged with a Class "B" disciplinary offense, as well as a Class "C" offense. The fact that Mullins was also charged with a Class "B" disciplinary offense would have been sufficient, under the prevailing prison policy, to justify his immediate segregation. Mullins's claims regarding inmates Johnson and Digby are vague and conclusory. Conclusory allegations by themselves do not establish an equal protection violation without proof of invidious discriminatory intent. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977). Summary judgment on this claim was, therefore, proper.
 
 
 7
 Summary judgment was also proper on Mullins's retaliation claim. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977). In order to prevail on a retaliation claim, a plaintiff must establish that the defendant's actions constitute "egregious abuse of governmental power" or that such actions otherwise shock the conscience. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 8
 Mullins has carried his burden of showing that his conduct was protected and that engaging in the protected conduct was the "motivating factor" for the allegedly retaliatory conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ., 429 U.S. at 287. However, the defendants have shown that they were obligated to move and would have moved Mullins from the Minimum Security Annex to the Main Compound of MCRCF when Mullins was reclassified as a "Minimum Restricted" inmate. Id. Thus, the defendants carried their burden of showing that Mullins would have been transferred from the Minimum Security Annex at the prison when his security level was increased to "Minimum Restricted," even absent their expressed retaliatory purpose. In the face of this evidence, Mullins was required to present significant probative evidence in support of his retaliation claim in order to defeat the defendants' well-supported motion for summary. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Mullins has not shown that the defendants' assertions are false, that is, he has failed to show that he would have been allowed to remain in the Annex even with a "Minimum Restricted" custody level. Thus, Mullins has not presented any evidence to support his claim that adverse action was taken against him which would not have otherwise been taken if he had not filed grievances against the defendants.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation